No. 34,831

R. G. SWIGART et al., *Appellees,* v. CARL J. PETERSON et al., *Appellants.*

(103 P. 2d 785)

Opinion filed July 6, 1940.

*Ross B. Smith,* of Erie, and *Claude M. Brobst,* of Chanute, for the appellants.

*Stanley E. Toland,* of Iola, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to quiet title to an eighty-acre farm in Neosho county. From an adverse judgment on demurrer, lodged against his answer to plaintiff's petition, defendant appeals.

Plaintiff's petition, with several exhibits attached, set out the pertinent facts at length. It appears that in 1937 two sisters, Edna K. Swigart of Sheffield, Ill., and Mary K. Finster of Larchmont, N. Y., owned a quarter-section farm in Allen county. Frank Wedin was their tenant. He desired to purchase the farm; its owners were willing to sell; and a cash price of $4,000 was agreed to between them. Wedin did not have enough funds of his own to pay for the farm, but he did raise $2,450 for that purpose. His aged mother, Mrs. Dora Wedin, who desired to assist him, owned the eighty-acre farm now in controversy, and she signified her willingness to raise the requisite balance, $1,550, by its hypothecation or sale. The services of defendant Carl J. Peterson, as attorney and negotiator, were procured and paid for by Frank Wedin to accomplish that object. Mrs. Wedin executed a deed in blank to her Neosho county farm and entrusted it to Peterson, but he did not succeed in selling it nor in borrowing money on it, so in 1938 by an agreement of the parties concerned, including R. S. Swigart, acting in

behalf of his wife and her sister, and Peterson acting in behalf of the Wedins, Peterson's name was inserted in the deed to Mrs. Wedin's farm, and Peterson executed a deed to it in favor of Swigart, and both deeds were placed in escrow in the Allen County State Bank, to be delivered to Peterson if or when he raised the balance of $1,550 due on the Allen county farm purchased by Frank Wedin, provided that were done by October 1, 1938; and otherwise the deeds were to be delivered to Swigart, and Peterson should have no further liability or concern in the transaction.

As it transpired, Peterson was unable to raise the balance of the money, and the escrow holder turned over the deeds to Swigart.

Thereafter Peterson began to meddle with Swigart's rights in the Neosho county farm. He attempted to dictate to Swigart's tenant; he filed in the office of the register of deeds an affidavit that he was the owner of the property; and he incurred some expense for repairs on the farm which caused a materialman's lien to be lodged against it and Swigart had to pay it.

To put an end to such a course of conduct, Swigart brought this action against Peterson to quiet his title, setting up the facts summarized above. Peterson first demurred and then answered with a general denial, admitting the facts of the escrow agreement, but alleging that he, Peterson, was in open, notorious and exclusive possession of the property, and praying that his deed to Swigart, which the escrow holder had delivered to Swigart, should be construed as a mortgage with the usual attributes which equity attaches to such instruments.

Plaintiff's demurrer to this answer was sustained, and defendant appeals.

Having summarized the essential and controlling features of this lawsuit, it is difficult to discern anything in defendant's appeal worthy of discussion. His claim that his deed to Swigart should be regarded as a mortgage is wholly untenable. Peterson was not indebted to Swigart—an essential element in the relationship of parties to a deed if they are to be regarded as mortgagor and mortgagee. (*Hoyt v. National Bank,* 115 Kan. 167, 222 Pac. 127; *Klusmire v. Dixon,* 150 Kan. 871, 874, 96 P. 2d 634.) The pleadings including attached exhibits, admitted to be true in the unverified answer of Peterson, make it clear beyond cavil that he never acquired a personal interest in this property. He was the agent of the Wedins to raise money on this farm to finish paying for

the Swigart-Finster farm in Allen county. Peterson never accomplished that purpose, consequently when the time limit expired the escrow holder properly delivered the deeds to Swigart, and the present judgment has properly extinguished defendant's pretended interest in the property.

The judgment is affirmed.

WEDELL and HOCH, JJ., concur.

DAWSON, C. J. (concurring): I concur in the judgment, but for myself I cannot refrain from taking note of the fact that defendant is held out to the public by the certificate of this court as an attorney at law; and I regret that this court does not have authority like the supreme court of the United States to impose a fine on a litigant for bringing a vexatious and groundless appeal (*Midland Valley R. R. Co. v. Griffith, Admx.*, 245 U. S. 633). Assuredly this would be a proper case to apply it.